FILED LODGED RECEIVED COPY
MAR 1 9 2004
CLERK U S DISTRICT COURT DISTRICT OF ARIZONA
BY ____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Gila Valley Irrigation District, et al.,<br><br>Defendants. | ) | No. CV31-0059-TUC-SRB<br>aka Globe Equity No. 59<br>**ORDER** |

The Court has considered the Gila River Indian Community's Motion for Timely Consideration of the Issue as to Whether the Globe Equity 59 Degree Covers Pumping and for an Order Scheduling the Next Stage of the Pumping Complaint and the Response to this motion filed by counsel for the Upper Valley Defendants. The Court also considered the comments made by counsel on this issue at the hearing held on January 29, 2004.

IT IS ORDERED granting the Gila River Indian Community's Motion for Timely Consideration and denying the Motion for an Order Scheduling the Next Stage of the Pumping Complaint. (Docs. 6274-1, 6274-2).

In the Court's opinion, the resolution of the issues tried before Judge Coughenour in March 2002 should proceed. The length of time within which it will take this Court to determine whether it can rule on summary judgment or on the transcript of the trial before Judge Coughenour will be at least several months. Therefore, the concerns raised by the

6288

Upper Valley Defendants about simultaneously working on settlement, attempting to pass the implementing legislation and litigating this issue will be alleviated. According to the parties, if the legislation is to be passed in 2004, it must pass before the end of September. The Court's consideration of the pumping issue should not interfere with the parties' efforts to finalize the settlement and promote the implementing legislation. If after review of the pending Motions for Summary Judgment and the transcripts of the trial the Court determines that additional evidence is required, the scheduling of any additional hearings would not take place until the Fall of 2004.

Concerning the Gila River Indian Community's Motion for an Order Scheduling the Next Stage of the Pumping Complaint, at such time as the Court rules on the issues raised in the pumping complaint, it will consult with counsel before scheduling any further proceedings.

The Gila River Indian Community has also filed a Request for Permission to File Post-Trial Memorandum and Proposed Findings of Fact and Conclusions of Law related to the trial on the pumping complaint. While the Court will accept these filings, it directs that no other party file any additional post-trial memoranda or proposed findings of fact and conclusions of law until such time that the Court directs that such filings should be made. The Court intends to first consider this matter on summary judgment. If summary judgment is denied, the Court will then determine whether the matter can be decided on the existing record or if additional testimony is required. At the present time, the Court will not accept any further post-trial memoranda or proposing findings of fact and conclusions of law from any party. (Doc. 6276-1).

The San Carlos Apache Tribe moved for a Preliminary Injunction seeking this Court's Order enjoining pumping. The San Carlos Apache Tribe urged that even though this Court had not yet determined that the pumping of wells in the Upper Valley was covered by the Gila Decree it should take up the preliminary injunction motion. At the hearing held on January 29, 2004, the Court declined to consider the Motion for Preliminary Injunction and

indicated its intention to first consider whether pumping is covered by the decree before it would consider any requests to enjoin pumping. The San Carlos Apache Tribe's Motion for Preliminary Injunction is therefore denied without prejudice to its being re-urged if appropriate after the Court issues its ruling on the pumping complaint. (Doc. 6140-1).

DATED this 18 day of March, 2004.

Susan R. Bolton
United States District Judge